NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCES CAPELL and ADAM C. HANSEN,

        Plaintiffs,

v.

LOWE'S HOME IMPROVEMENT OF TOMS RIVER, et al.,

        Defendants.

Civil No. 03-3208 (AET)

MEMORANDUM & ORDER

THOMPSON, U.S.D.J.

### I. Introduction

This matter is before the Court on Defendants' Motion for Reconsideration pursuant to Local Civil Rule 7.1(i), asking the Court to reconsider its Memorandum and Order of April 8, 2005, denying Defendants' Motion for Summary Judgment. The Court has decided this motion based upon the submissions of the parties and after hearing oral argument. For the following reasons, Defendants' Motion for Reconsideration is granted, the Court's Memorandum and Order of April 8, 2005, are vacated, and Defendants' Motion for Summary Judgment is granted.

### II. Background

Plaintiffs Frances Capell ("Capell") and Adam C. Hansen ("Hansen") are former employees of Lowe's Home Improvement in Toms River, New Jersey, where they worked as Loss Prevention Specialists. Capell began working for Lowe's in July 2002; Hansen was hired in

August 2002.

Plaintiffs performed a number of tasks as routine parts of their employment. For example, they were required to monitor the store for potential safety issues, verifying that stock was stored correctly and that employees who used heavy equipment took proper precautions. Plaintiffs would then record their findings on a "Daily Safety Review Form."

Plaintiffs were also responsible for performing "cycle counts," for which they were required to compare the merchandise recorded as available in the store's computer with the actual amount of merchandise in stock, and investigate any discrepancies involving merchandise worth more than $199.99. Those findings were then documented on an INCO80 Form.

Plaintiffs claim that on several occasions Joe Siberry, the manager of the Toms River store, asked them to sign off on incomplete or "forged" Daily Safety Review Forms and INCO80 Forms. Plaintiffs claim to have refused because they believed that agreeing to do so would have constituted forgery, and perhaps a violation of Occupational Safety and Health Administration regulations. Each Plaintiff also claims to have complained to Siberry about ongoing safety concerns, including the unsafe stacking of lighting equipment.

Plaintiffs' direct supervisor, Seth Carey, terminated both Capell and Hansen's employment at Lowe's on November 29, 2002. Plaintiffs allege that they were fired in violation of the law because of their refusal to comply with Siberry's demands. Plaintiffs also assert that their safety complaints contributed to their dismissal. Defendants respond that Plaintiffs were fired for failing to satisfactorily complete the Daily Safety Review and INCO80 Forms, and for failing to adhere to the minimum 48 hour work week required of Loss Prevention Specialists.

On May 21, 2003, Plaintiffs filed a one-count Complaint against Lowe's in the New

Jersey courts, claiming a violation of New Jersey's Conscientious Employee Protection Act. See N.J.S.A. § 34:19-1 et seq. On July 3, 2003, the case was removed from Ocean County Superior Court to this Court pursuant to 28 U.S.C. § 1441. Defendants moved for summary judgment, which this Court denied without prejudice in an Order dated April 8, 2005. In that Order, however, the Court invited Defendants "to renew the motion providing more precise documentation and briefing." Defendant Lowe's now moves for reconsideration pursuant to Fed. R. Civ. P. 7.1(i).

### III.  Law

#### A.  Motion for Reconsideration

Local Civil Practice Rule 7.1(i) (formerly Local Civil Practice Rule 7.1(g)) provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." D.N.J. Civ. R. 7.1(i). The moving party must "set forth concisely the matters or controlling decisions which counsel believes the [court] has overlooked." D.N.J. Civ. R. 7.1(i). The change from previous Rule 7.1(g) to current Rule 7.1(i) is not substantive, and cases interpreting previous Rule 7.1(g) are applicable in interpreting current Rule 7.1(i).

A motion under Rule 7.1(i) may be granted if: "(1) [A]n intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, Civ. Act. No. 03-4787, 2004 U.S. Dist. LEXIS 11742, at *3 (D.N.J. May 21, 2004). "Relief by way of a motion for reargument is an extraordinary remedy that is to be granted very sparingly." Id. (internal quotations omitted). "[The local rule] governing reconsideration does not

contemplate a recapitulation of arguments considered by the court before rendering its decision." Id. (citing Bermingham v. Sony Corp. of Am., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989)).  Absent unusual circumstances, "the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked."  Id. (citing Resorts Int'l v. Greate Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992), and Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995)).

      B.   Conscientious Employee Protection Act

To establish a prima facie case of retaliation under CEPA, a plaintiff must establish that (i) he reasonably believed at the time he articulated his concerns that his employer's conduct was in violation of a law, a rule or regulation promulgated pursuant to law, or a clear mandate of public policy; (ii) he performed a whistle-blowing activity described under the statute; (iii) an adverse employment action was taken; and (iv) a causal connection exists between the protected activity and the adverse employment action.  See Dzwonar v. McDevitt, 177 N.J. 451, 462 (2003).

Once a plaintiff establishes a prima facie case under CEPA, the burden of articulating a legitimate, non-discriminatory reason for the adverse employment action shifts to the defendant. See Donofry v. Autotote Sys. Inc., 350 N.J. Super. 276, 290-91 (App. Div. 2001).  Should the defendant satisfy his burden of production, the burden returns to the plaintiff, who must demonstrate that the defendant's articulated reasons for the adverse action is a pretext for the illegal conduct.  See id.; see also McDonnell Douglas v. Green, 411 U.S. 792, 802-04 (1973).

IV. <u>Discussion</u>

In the present case, the Court finds that circumstances sufficient to warrant reconsideration are present because the Court earlier denied the Defendants' motion for summary judgment "without prejudice to the right to renew the motion providing more precise documentation and briefing." (Apr. 8, 2005, Mem. and Order.)  Accordingly, the Court will address the more precise submissions entered by the parties in conjunction with this motion.

Defendants argue that the Court was incorrect in holding that Plaintiffs had satisfied the first prong of their prima facie case under the CEPA because the Court did not find that the signing of unverified Daily Safety Review Forms and Cycle Count Summary Reports constituted a violation of OSHA regulations.  Defendants overlook, however, the Court's discussion of Plaintiffs' alleged reasonable belief that to sign off on those documents would be a violation of New Jersey's forgery statute, which itself is sufficient to satisfy that prong.

Nonetheless, based on the additional evidence provided, no reasonable trier of fact could conclude that a causal connection exists between the protected activity and the adverse employment action.  Previously, the Court found a genuine issue of fact remained as to the existence of a causal connection between Plaintiffs' complaints and the adverse employment action because Capell received a pay raise just three weeks before his termination.  Defendants have since provided the Court with an extensive record showing that this pay raise was based on a market adjustment and not performance, and that even after repeated warnings, Plaintiffs continued to fail to properly complete their required paperwork or to work the required number of hours per week.

Plaintiffs have presented no evidence to rebut Defendants' proffered reasons for their termination, and accordingly have failed to "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them 'unworthy of credence,' and hence infer 'that the employer did not act for [the asserted] non-discriminatory reasons.'" Kolb v. Burns, 320 N.J. Super. 467, 478 (App. Div. 1999) (quoting Fuentes, 32 F.3d at 765). From the record presented, no reasonable juror would conclude that Defendants' proffered reasons for Plaintiffs' termination are pretextual.

### V. Conclusion

For these reasons,

IT IS on this 23rd day of September, 2005,

ORDERED that Defendants' Motion for Reconsideration [32] of their Motion for Summary Judgment is GRANTED; it is

ORDERED that the Court's Memorandum and Order of April 8, 2005 [28], in which Defendants' Motion for Summary Judgment was denied, are VACATED; and it is further

ORDERED that Defendants' Motion for Summary Judgment [13] is GRANTED.

    s/Anne E. Thompson
    ANNE E. THOMPSON, U.S.D.J.